# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| HIDDEN COVE PARK AND MARINA, MARINE QUEST HIDDEN COVE LP, MQTXM LLC <br><br> v. <br><br> LEXINGTON INSURANCE COMPANY, AIG CLAIMS, INC., GLENN HOLLMULLER, CHAMPION COMMERCIAL INSURANCE AGENCY LLC | § § § § § § § § § § § § | Civil Action No. 4:17-CV-00193 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Remand (Dkt. # 15). Having considered the pleadings, the Court finds the motion should be denied.

## BACKGROUND

In May and June 2015, severe storms caused damage to Plaintiff Hidden Cove Park and Marina Marine Quest Hidden Cove, LP ("Hidden Cove") and Plaintiff MQTXM, LLC d/b/a Texoma Park & Marina's ("Texoma") properties. Hidden Cove's property is located in Denton County and Texoma's property is located in Grayson County. The properties are insured under a single insurance policy issued by Defendant Lexington Insurance Company ("Lexington"). Plaintiffs allege they timely filed their respective claims with Lexington. Lexington hired Defendant AIG Claims, Inc. ("AIG") to adjust their claims. Defendant Glenn Hollmuller ("Hollmuller") is a property adjuster for AIG and conducted an investigation and evaluation of Plaintiffs' claim. Plaintiffs allege that Lexington, AIG, and Hollmuller (collectively, "Defendants") failed to properly conduct an investigation into the cause of loss, failed to issue timely payments, and wrongfully delayed or denied claims.

On August 12, 2016, Plaintiffs filed their Original Petition in the 192nd Judicial District Court of Dallas County, Texas. Plaintiffs brought claims against Lexington for breach of contract, violations of the Texas Unfair Claims Practices Act, non-compliance with Texas Insurance Code Chapter 542, and breach of common law duty of good faith and fair dealing. Plaintiffs brought claims against AIG and Hollmuller for unfair settlement practices. Plaintiffs' Original Petition also included claims against Champion Commercial Insurance Agency, LLC ("Champion") for violations of the Texas Insurance Code and negligence. In March 2017, Plaintiffs settled all claims with Champion.

Plaintiffs are both Texas citizens. Texoma is a limited liability company and Hidden Cove is a limited partnership. Texoma's partners and Hidden Cove's members are Marcel Bosworth and Dwight Bosworth. Both individuals are Texas citizens.

Lexington is incorporated in Delaware and has its principal place of business in Massachusetts. Lexington is thus a citizen of Delaware and Massachusetts. AIG is incorporated in Delaware and has its principal place of business in New York. AIG is a citizen of Delaware and New York. Hollmuller is Texas citizen. The parties state Champion is also a Texas citizen.[1]

On March 14, 2017, after Plaintiffs settled with Champion, Defendants removed this action to the Northern District of Texas (Dkt. #1). Defendants argue that diversity exists between the parties because Plaintiffs are no longer pursuing claims against Champion, a Texas citizen. Plaintiffs further argue that diversity exists between the parties because Hollmuller, also a Texas citizen, was improperly joined to the suit. On March 22, 2017, the case was transferred to the Court from the Northern District of Texas (Dkt. #7).

---

[1] The Original Petition does not identify Champion's members or their citizenship.

On April 11, 2017, Plaintiffs filed a Motion for Remand (Dkt. #15). On April 25, 2017, Defendants filed a response (Dkt. #16). On May 2, 2017, Plaintiffs filed a reply (Dkt. #17). On May 9, 2017, Defendants filed a sur-reply (Dkt. #20).

## LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States which has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Weaver v. Zurich Am. Ins. Co.*, No. Civ. A. H–10–1813, 2010 WL 3910053, at *1 (S.D. Tex. Oct. 1, 2010). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004).

"When assessing whether diversity jurisdiction exists, a court must disregard non-diverse citizenship of an improperly joined defendant." *Doucet v. State Farm Fire and Cas. Co.*, No. 1:09–CV–142, 2009 WL 3157478, at *4 (E.D. Tex. Sept. 25, 2009) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004)). A defendant who contends that a non-diverse party is improperly joined has a "heavy" burden of proof. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted). "In making its determination, the court must ordinarily

evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Green*, 707 F.2d at 205.

"The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Great Plains Trust*, 313 F.3d at 312 (quoting *Green*, 707 F.2d at 205). After the Court resolves all disputed questions of fact and all ambiguities in controlling state law in favor of the plaintiff, the Court determines whether the plaintiff has any possibility of recovery against the party whose joinder is questioned. *Id.* (citation omitted). If there is a reasonable basis for predicting that the state law might impose liability on the facts of the case, then there is no fraudulent joinder. *Id.* (citation omitted). This possibility must be reasonable and not just theoretical. *Id.*

A determination of improper joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). "[I]f a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no improper joinder." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citation omitted); *Smallwood*, 385 F.3d at 573. The Court, however, must carefully distinguish an attack on the overall merits of the case from a showing that defendants were improperly joined in order to defeat diversity. *See Smallwood*, 385 F.3d at 573; *see also Gasch* 491 F.3d at 284.

Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Merely asserting a laundry list of statutory violations without factual support as to how a non-diverse defendant violated the statute will not suffice. *Doucet*, 2009 WL 3157478, at *5. However, the joinder of an in-state, non-diverse defendant is proper as long as the plaintiff's petition contains factual allegations sufficient to render one of the statutory claims plausible. *Escuadra v. Geovera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 985 (E.D. Tex. 2010).

**ANALYSIS**

A defendant alleging improper joinder has the heavy burden of demonstrating either (1) actual fraud in the pleading of jurisdictional facts or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Under the second prong, which provides the relevant inquiry in this case, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant. *See Smallwood*, 385 F.3d at 573. Therefore, the question for the Court is whether Defendants have shown that Plaintiffs have *no possibility* of establishing a valid cause of action against the non-diverse defendant, Hollmuller. The Court applies the federal pleading standard in addressing the question of improper joinder. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

Plaintiffs bring claims against Hollmuller for unfair settlement practices. In their Original Petition, Plaintiffs allege that Hollmuller is required to comply with the Texas Insurance Code and is individually liable for his unfair and deceptive acts. *See* Dkt. #1, Exhibit 5 at p. 17. Plaintiffs further allege that Hollmuller's "unfair practices . . . of misrepresenting to Plaintiffs material facts relating to coverage at issue, constitutes an unfair method of competition and an unfair or deceptive act or practice in the business of insurance." (Dkt. #1, Exhibit 5 at p. 18). Plaintiffs generally allege that Hollmuller failed to properly investigate, evaluate, and adjust Plaintiffs' claims and performed an outcome oriented investigation.

Under Texas law, an insured may have a valid cause of action against an insurance adjuster under the proper circumstances, but only if sufficient facts exist, and are pleaded, involving allegedly harmful conduct by the adjuster toward Plaintiff. Texas law does permit adjuster to be held individually liable for violations of the Texas Insurance Code, Chapter 541. *See* Tex. Ins. Code § 541.002(2) (defining "person" to include "adjuster"); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544-45 (5th Cir. 2004). However, "to find a reasonable possibility that a Texas court would allow recovery against an insurance adjuster, the plaintiff must demonstrate that the adjuster, as an individual, committed the Texas Insurance Code violation . . . that caused the harm." *Calvary United Pentecostal Church v. Church Mut. Ins. Co.*, No. 4:15-CV-365, 2015 WL 5354827, at *3 (E.D. Tex. Sept. 14, 2015) (citations omitted). "For an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage." *Elizondo v. Metro. Lloyds Ins. Co. of Texas*, No. 4:16-CV-306, 2016 WL 4182729, at *3 (E.D. Tex. Aug. 8, 2016); *Walters v. Metro. Lloyds Ins. Co. of Texas*, No. 4:16-CV-307, 2016 WL 3764855, at *3 (E.D. Tex. July 14, 2016).

Plaintiffs do not state a claim that is plausible on its face against Hollmuller. Plaintiffs assert only boilerplate allegations that Hollmuller failed to properly investigate the claim and conducted an outcome-oriented investigation. No additional facts are alleged. General allegations that Hollmuller's investigation caused Plaintiffs harm because it resulted in an underevaluation of the claims is not sufficient because there are no factual allegations of independent conduct on Hollmuller's part, which caused Plaintiffs any harm.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Remand (Dkt. # 15) is hereby **DENIED**, and Glenn Hollmuller is hereby **DISMISSED** without prejudice.

**SIGNED this 16th day of May, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE