# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| HIDDEN COVE PARK AND MARINA; <br> MARINE QUEST HIDDEN COVE LP; <br> MQTXM LLC <br><br> v. <br><br> LEXINGTON INSURANCE COMPANY; <br> AIG CLAIMS, INC.; CHAMPION <br> COMMERCIAL INSURANCE AGENCY <br> LLC | Civil Action No. 4:17-CV-00193 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

On May 23, 2017, the Court held a telephonic hearing regarding a discovery dispute in this case. Having considered the argument of counsel and letter briefing on the dispute, the Court orders Defendants to produce unredacted claim notes regarding loss reserve information. Defendants agreed to produce the redacted claim notes dated October 1, 2015 through December 8, 2015. Plaintiffs may depose Defendants' 30(b)(6) deponent limited to the information included in the previously redacted claim notes.

## BACKGROUND

In May and June 2015, severe storms caused damage to Plaintiffs' properties. The properties are insured under a single insurance policy issued by Defendant Lexington Insurance Company ("Lexington"). Plaintiffs allege that Lexington and AIG (collectively, "Defendants") failed to properly conduct an investigation into the cause of loss, failed to issue timely payments, and wrongfully delayed or denied claims. Plaintiffs brought claims against Lexington for breach of contract, violations of the Texas Unfair Claims Practices Act, non-compliance with Texas Insurance Code Chapter 542, and breach of common law duty of good faith and fair dealing. The

central issue in the case is the parties' interpretation of the "Flood" exclusion contained in the policy and its effect on Plaintiffs' claim.

As part of discovery, Defendants produced a redacted version of the claim notes associated with Plaintiffs' claims. Defendants redacted claim notes dated October 1, 2015 through December 8, 2015 based on the work-product privilege. Defendant also redacted claim notes relating to loss reserves on the basis of relevance. Plaintiffs objected to these redactions, and on May 23, 2017, the Court held a hearing regarding the issue. The Court ordered Defendants to provide unredacted copies of the claim notes for in camera inspection and asked the parties to submit letter briefs addressing production of the unredacted claim notes.

On May 24, 2017, Defendants sent the Court unredacted versions of the claim notes for in camera inspection. On May 26, 2017, Plaintiffs sent the Court a letter regarding their request for an unredacted version of Defendants' insurance claim notes and the opportunity to redepose Defendants' 30(b)(6) representative regarding the redacted information. Plaintiffs argued the notes between October 1, 2015 and December 8, 2015 were not protected by the work–product doctrine because the decision to pay the claim was not made until December 8, 2015. Plaintiffs further argued that loss reserve notes were relevant because "the reserve set for the claim would provide insight into when Defendant reached its conclusion regarding the flood sublimit, and how long it took Defendant to reach that conclusion, evidence of a potential breach of the Prompt Payment of Claims Act." Plaintiffs further argued loss reserve notes were relevant to whether Defendants denied Plaintiffs claim in bad faith "as it would demonstrate that it believed its own liability to be higher than what it paid."

On May 30, 2017, Defendants sent the Court a response letter. Defendants agreed to produce the redacted claims dated between October 1, 2015 and December 8, 2015. However,

Defendants did not agree to remove redactions regarding loss reserves. Defendants argue that notes regarding the loss reserves are not relevant because "Defendants' initial setting of reserves took place before they had a copy of the policy in hand" and thus "the issue of reserves had absolutely no relevance to the interpretation of the policy language." Defendants also objected to Plaintiffs' request to redepose the 30(b)(6) deponent, arguing the additional notes to be produced contain very little, if any, new information.

On May 31, 2017, Plaintiffs sent the Court a reply letter. Plaintiffs argue that the notes regarding loss reserves are discoverable because "reserve information in a bad faith suit may be evidence of Defendant's state of mind in adjusting the claim." Plaintiffs further reply that even if Defendants did not have a copy of the insurance policy while adjusting the claim, Lexington could have easily accessed its own insurance policy. Plaintiffs also argue that the policy at issue was a renewal of the previous year's policy, which was in Defendants' possession.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence. *Id.*; *Crosby v. La. Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). It is well-established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

## ANALYSIS

The Court finds the claim notes regarding loss reserve are relevant to Plaintiffs' claims. "In cases involving alleged bad faith on the part of the insurer in denying coverage, the amount of the loss reserve set by the insurer may be relevant because it could well belie a later claim that the

3

insurer thought in good faith that there was no possibility of the claim falling within coverage." *Trinity E. Energy, LLC v. St. Paul Surplus Lines Ins. Co.*, No. 4:11-CV-814-Y, 2013 WL 12124022, at *2 (N.D. Tex. Mar. 8, 2013) (citations omitted). In the context of a bad faith claim, "evidence regarding [Defendants'] loss reserves is irrelevant if it lacks any tendency to show that [Defendants] knew or should have known that its liability was reasonably clear, yet still denied Plaintiffs' claim." *Id.*

Defendants argue the loss reserve information is irrelevant because they set the reserves before making any interpretation regarding the policy language. Defendants state they did not yet have the policy when they set the reserves. However, the policy at issue was a renewal of the previous year's policy. The loss reserve information is relevant because it could show that Defendant knew or should have known its liability was reasonably clear, yet still denied Plaintiffs' claim. The reserve information could reasonably lead to the discovery of admissible evidence.

## CONCLUSION

Defendants are therefore **ORDERED** to produce the redacted claim notes regarding loss reserve information. Plaintiff may depose Defendants' 30(b)(6) representative limited to the information included in the previously redacted claim notes.

**SIGNED this 6th day of June, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE