# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| HIDDEN COVE PARK & MARINA, and | § | |
| MARINE QUEST HIDDEN COVE, LP, | § | |
| MQTXM, LLC d/b/a | § | |
| TEXOMA PARK & MARINA | § | |
| | § | CASE NO. 4:17-CV-193 |
| v. | § | Judge Mazzant |
| | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| and AIG CLAIMS, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Amend Order to Certify for Interlocutory Appeal (Dkt. #54). After reviewing the motion and the relevant pleadings, the Court finds that the motion should be denied.

### BACKGROUND

The action before the Court is a property insurance dispute, in which Plaintiffs Hidden Cove Park & Marina and Marine Quest Hidden Code, LP MQTXM, LLC d/b/a Texoma Park & Marina sued Defendants Lexington Insurance Company and AIG Claims, Inc. alleging breach of contract, violations of the Texas Unfair Claims Practice Act, non-compliance with Texas Insurance Code Chapter 542 Prompt Payment of Claims Act, breach of common law good faith and fair dealing, and unfair settlement practices. On June 30, 2017, Plaintiffs and Defendants filed cross motions for partial summary judgment asking the Court to interpret the language of the policy at issue in the case. On November 9, 2017, the Court issued a Memorandum Opinion and Order on the motions (Dkt. #53).

1

On December 4, 2017, Defendants filed the present Motion to Amend Order to Certify for Interlocutory Appeal (Dkt. #54). On December 18, 2017, Plaintiffs field a response (Dkt. #55) and Defendants filed their reply on December 22, 2017 (Dkt. #57).

**ANALYSIS**

Under 28 U.S.C. § 1292(b), the Court may certify one of its orders for interlocutory appeal if it determines "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" Defendants allege that they have met this standard, and the Court should amend to certify its Order.

In the Fifth Circuit, interlocutory appeals are exceptional and "[d]o not lie simply to determine the correctness of a judgment." *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68 (5th Cir. 1983). Therefore, "[a]ll three…elements should be present before a court certifies an order for interlocutory appeal." *Monroe v. Cessna Aircraft Co.*, No. 2:05-cv-250, 2006 WL 1305116, at *1 (E.D. Tex. May 9, 2006). Additionally, "[s]atisfying these three statutory criteria is not always sufficient, 'as district court judges have unfettered discretion to deny certification even when all three are satisfied.'" *Commil USA, LLC v. Cisco Sys., Inc.*, No. 2:07-cv-341, 2011 WL 738871, at *4 (E.D. Tex. Feb. 23, 2011) (internal citation omitted), *judgment vacated on other grounds by Commil USA, LLC v. Cisco Sys., Inc.*, 135 S.Ct. 1920 (May 26, 2015).

The Court finds that the elements for certification of interlocutory appeal are not met in the present case. First, the Court's Order regarding the parties' cross motions for summary judgment does not raise a controlling question of law. An order may only be certified for interlocutory appeal under § 1292(b) if it turns on "a pure issue of law, i.e., a question the appellate court can

efficiently rule on without making an intensive inquiry into the record." *Software Rights Archive, LLC v. Google, Inc.*, No. 2:07-CV-511, 2009 WL 1797996, at *2 (E.D. Tex. June 24, 2009) (citations omitted); *see also IP Innovation LLC v. Google Inc.*, No. 2:07-CV-503-RRR, 2010 WL 691130 (E.D. Tex. Jan. 6, 2010) (Rader, J. sitting by designation) (denying certification because the question was not a "pure issue of law"). The issue Defendants seek to certify for appeal is the interpretation of the language of the policy (Dkt. #54). The Court finds that this is not a pure question of law, but instead a mixed question that would require the Fifth Circuit to apply legal principles to the policy at issue in the suit. Therefore, the Court finds that the question is not suited for interlocutory appeal, and Defendants' motion should be denied.

Additionally, Defendants' motion should be denied because the case does not present a substantial ground for a difference of opinion. Courts have found that there is a substantial ground for a difference of opinion when

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

*Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723–24 (N.D. Tex. 2006); *see Adhikari v. Daoud & Partners*, No. 09-CV-1237, 2012 WL 718933, at *2 (S.D. Tex. Mar. 5, 2012)). The Court finds that Defendants' question does not present a substantial ground for a difference of opinion, and thus the Defendants' motion should be denied.

Even if the Defendants had met the three requirements, the Court in its discretion finds that the motion should be denied and the parties should proceed through the litigation process before exercising their right to appeal, if necessary.

**CONCLUSION**

It is therefore **ORDERED** that Defendants' Motion to Amend Order to Certify for Interlocutory Appeal (Dkt. #54) is hereby **DENIED**.

**SIGNED this 22nd day of January, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE